MATTER OF J—F—D—

Application for PERMISSION TO REAPPLY

A-10949603

*Decided by Regional Commissioner September 25, 1963*

Because of his record of arrests, his several convictions, and the fact that since his deportation in 1960 he has again been convicted of a crime and only recently released from imprisonment, applicant, a 27-year-old unmarried male, is denied permission to reapply for admission, pursuant to section 212(a)(17), Immigration and Nationality Act, in the exercise of discretion; moreover, since applicant is mandatorily excludable from the United States under section 212(a)(9) of the Act and is ineligible to apply for a waiver of this ground of excludability, no purpose would be served in granting the application.

This is an appeal from the decision of the District Director who has, as a matter of discretion, denied the application for permission to reapply for admission to the United States after deportation.

The applicant, a 27-year-old unmarried native and citizen of Great Britain, entered the United States on August 10, 1957 for permanent residence. Deportation proceedings were instituted on July 20, 1959, and he was ordered deported as one who, after entry, had been convicted of two crimes involving moral turpitude, to wit: forgery, and interstate transportation of a stolen automobile. The execution of the deportation order was delayed pending the outcome of his application for a pardon for the crime of forgery. While this application was pending, the applicant was convicted, upon his plea of guilty of unauthorized use of a motor vehicle and sentenced to thirty days imprisonment. His pardon application was subsequently denied by the Governor of the State of New Jersey, and on February 24, 1960, he was deported to England. According to the record, after he returned to England, he was convicted of a crime, the nature of which is not stated in the record, and has recently been released from custody after several years' imprisonment.

On appeal, counsel claims that the applicant was wrongfully deported. It is contended that one of the crimes (Interstate Transportation of a Stolen Motor Vehicle, Section 2312, Title 18 U.S.C.), upon

which his deportation was based, does not involve moral turpitude. We do not agree with counsel's contention. The applicant was convicted, upon his plea of guilty, to the offense of "Interstate Transportation of a Stolen Motor Vehicle *knowing same to have been stolen.*" The Board of Immigration Appeals has found that the offense is one which involves moral turpitude. *Matter of O—R—*, 8 I. & N. Dec. 59. In any event, the applicant's deportation is a "fait accompli" and cannot be retracted or vitiated by this proceeding.

The applicant is seeking permission to reenter the United States as a permanent resident. His parents reside here and have both requested that the application be granted. We have carefully examined the record in this case including the statements submitted in support of the appeal. We find that the applicant's record of arrests, his several convictions, the fact that since his deportation he has apparently again been convicted of a crime and has only recently been released from imprisonment, all support the decision of the District Director that the instant application does not merit the favorable exercise of discretion.

Moreover, it is evident that the applicant is mandatorily excludable from the United States under the provisions of section 212(a)(9) and is ineligible to apply for a waiver of this ground of excludability. Consequently, no purpose would be served in granting the application. The appeal will be dismissed.

*It is ordered* that the appeal be and the same is hereby dismissed.